Judgment rendered April 5, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,014-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

IN RE: MEDICAL REVIEW                           Plaintiffs-Appellants
PANEL HENRY LEE COOPER (D),
ET AL

versus

RUSTON LOUISIANA HOSPITAL                       Defendants-Appellees
COMPANY, LLC D/B/A
NORTHERN LOUISIANA
MEDICAL CENTER

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Lincoln, Louisiana
Trial Court No. 329

Honorable Bruce E. Hampton, Judge

* * * * *

HALLACK LAW OFFICE                      Counsel for Appellants,
By: Robert W. Hallack                   Henry Lee Cooper (D),
                                        Danetta Cooper Hayes
                                        and Shimiski Cooper


BLUE WILLIAMS, LLP                      Counsel for Appellee,
By: Robert I. Baudouin                  Ruston Louisiana
                                        Hospital Company, LLC
                                        D/B/A Northern
                                        Louisiana Medical
                                        Center

HUDSON, POTTS      Counsel for Appellee,
BERNSTEIN, LLP       George B. Smith, M.D.
By: Gordon L. James
   Donald H. Zeigler, III

* * * * *


Before COX, STEPHENS, and THOMPSON, JJ.

**THOMPSON, J.**

This medical malpractice suit was brought against a hospital and doctor by the daughters of a patient who died while in their care. The daughters requested a medical review panel, initially naming only the hospital as a defendant. More than a year later, the doctor was added as a defendant, but the plaintiffs failed to timely pay the required filing fee for this new defendant. During the course of litigation, procedural issues arose from previously unsettled law regarding the failure to pay a filing fee for any defendant and subsequent implications for all defendants, which was recently resolved by the Louisiana Supreme Court. Due to the time period between the alleged acts of malpractice and the date of filing by the plaintiffs of the claim against the doctor, the doctor filed a peremptory exception of liberative prescription, which was granted by the trial court. For the following reasons, we affirm the trial court's judgment granting the peremptory exception of liberative prescription as to the doctor.

## FACTS AND PROCEDURAL HISTORY

Henry Lee Cooper ("Cooper") was a 75-year-old man who was admitted to the Northern Louisiana Medical Center ("NLMC") on August 29, 2017, for chest pain and shortness of breath. Cooper had a history of deep vein thrombosis of the lower extremity vessels and had been taking blood thinners for at least a year prior to his admittance at NLMC. His chart noted that he was taking aspirin, statin, Brilinta, and metoprolol. Brilinta is an antiplatelet blood thinner, which is used to prevent blood clots from forming.

Dr. George Smith performed a catherization of Cooper's left heart with coronary angiography, followed by stenting of the left anterior descending artery. Cooper improved after the surgery but began having abdominal pain and developed septicemia, which led to problems with his gallbladder. Cooper was referred to a surgeon for the removal of his gallbladder. On August 30, 2017, Dr. Smith ordered that Cooper's Brilinta be withheld, in case he needed the gallbladder surgery.

On September 8, 2017, X-rays indicated that Cooper was having a pulmonary edema, and an emergency catherization was performed by Dr. Smith. Cooper went into cardiogenic shock and never recovered. On September 9, 2017, a cardiologist ordered that Cooper be given the Brilinta, and it was administered at the hospital. Cooper died on September 11, 2017, from cardiac arrest secondary to an acute occlusion of the LAD stent.

On September 11, 2018, Cooper's daughters, Danetta Cooper Hayes and Shimiski Cooper (collectively, "plaintiffs"), filed a request for review by a medical review panel ("MRP") against only NLMC. By letter dated September 20, 2018, the Patient's Compensation Fund ("PCF") responded that it had received the filing fee for the complaint against NLMC. On July 30, 2019, the plaintiffs received Cooper's medical records from NLMC in discovery responses. They argue that this is the first opportunity they had to review Cooper's medical records, although Dr. Smith argues that they were aware of his treatment in 2018.

On January 2, 2020, plaintiffs filed an amended and supplemental claim with the PCF, which added Dr. Smith as a defendant. By letter dated January 17, 2020, the PCF notified plaintiffs that they had 45 days to remit

the filing fee of $100 and that failure to comply would result in the request for review being invalid and without effect. On March 23, 2020, well past the 45-day time period for payment, the PCF notified plaintiffs by letter that their original $100 check paid when the claim was initially filed against the hospital was being returned because the balance due for the addition of Dr. Smith had not been timely paid and that the entire matter was considered by the PCF to be invalid and without effect.

Less than two weeks later, on April 3, 2020, the Louisiana Supreme Court issued its opinion in a separate medical malpractice action in *Kirt v. Metzinger*, 19-1162 (La. 4/3/20), 341 So. 3d 1211, and held that the failure to pay the filing fee for one defendant does not invalidate the entire petition for the medical review panel as to all other defendants. On June 24, 2020, the plaintiffs in the instant matter filed a writ of mandamus with the trial court, challenging the dismissal of their medical review panel petition, pursuant to the recent decision in *Kirt*, *supra*. On October 13, 2020, the plaintiffs and the PCF entered a stipulated judgment, which provided as follows:

> IT IS ORDERED, ADJUDGED AND DECREED that Plaintiffs' Request for review filed with the Division of Administration on or about January 2, 2020, naming Ruston Louisiana Hospital Co., LLC d/b/a Northern Louisiana Medical Center **as the sole defendant**, be reinstated as to the date of filing, and that the Plaintiffs be allowed to proceed with their request for review as if timely filed. (emphasis added).

On October 21, 2020, plaintiffs filed an amended request for review, again naming Dr. Smith as an additional defendant. The trial court noted that there is no evidence that the filing fee for the claim against Dr. Smith was ever

3

received by the PCF. That important hurdle had not been timely cleared as to the claim asserted against Dr. Smith.

Dr. Smith then filed a peremptory exception of liberative prescription, arguing that the plaintiffs had over a year of a constructive notice of Dr. Smith's treatment of their father prior to their supplemental petition to the PCF and that their petition was properly dismissed by the PCF for failure to pay the required fee. The trial court granted the peremptory exception of liberative prescription, citing *Kirt*, *supra*, and this Court's opinion in *Ferguson v. Howell*, 53,139 (La. App. 2 Cir. 9/1/21), 327 So. 3d 600. This appeal, focused on the dismissal of plaintiffs' claims against Dr. Smith, followed.

## DISCUSSION

Plaintiffs assert two assignments of error that deal with the same legal issue and will therefore be addressed together:

**First Assignment of Error:** Was the trial court erroneous in failing to find that timely filed request for review by a medical review panel did not operate to suspend prescription against a respondent who had been invalidated and released by the Louisiana Patient's Compensation Fund for nonpayment of the filing fee?

**Second Assignment of Error:** Did the trial court erroneously rely on the dicta in *Ferguson v. Howell* in making its ruling?

### Standard of Review

Generally, the standard of review of a judgment regarding an exception of prescription will depend on whether evidence was introduced during the hearing of the exception. *Mitchell v. Baton Rouge Orthopedic Clinic, LLC*, 21-00061 (La. 10/10/21), 333 So. 3d 368; *Sylvan v. BRFHH Monroe, LLC*, 54,202 (La. App. 2 Cir. 4/13/22), 338 So. 3d 576. If no evidence is presented to support or controvert the exception, the manifest

4

error standard of review does not apply, and the appellate court's role is to determine whether the trial court's ruling was legally correct. *Sylvan*, *supra*.

When evidence is introduced during the hearing on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard of review. *Mitchell*, *supra*. However, when there is no dispute regarding material facts and only the determination of a legal issue, then appellate courts apply a *de novo* standard of review and deference is afforded to the trial court's legal conclusions. *Id.*

Here, evidence *was* introduced to the trial court on the exception of prescription. Although the parties dispute the date that the plaintiffs had actual or constructive knowledge of the alleged malpractice, we find that this case turns on the determination of a legal issue, as described below. As such, we review the matter *de novo* with deference given to the trial court's legal conclusions.

## Prescription

La. R.S. 9:5628(A) provides that a medical malpractice action must be filed "within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect." La. R.S. 40:1231.8(A)(2)(a) provides:

> The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until ninety days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a request for review of a

claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review. Filing a request for review of a malpractice claim as required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription. All requests for review of a malpractice claim identifying additional health care providers shall also be filed with the division of administration.

However, La. R.S. 40:1231.8(A)(1)(e) states:

Failure to comply with the provisions of Subparagraph (c) or (d) of this Paragraph within the specified forty-five-day time frame in Subparagraph (c) of this Paragraph shall render the request for review of a malpractice claim invalid and without effect. Such an invalid request for review of a malpractice claim shall not suspend time within which suit must be instituted in Subparagraph (2)(a) of this Subsection.

Subparagraph (c) of La. R.S. 40:1231.8(A)(1), referenced above, states:

A claimant shall have forty-five days from the date of receipt by the claimant of the confirmation of receipt of the request for review in accordance with Subparagraph (3)(a) of this Subsection to pay to the board a filing fee in the amount of one hundred dollars per named defendant qualified under this Part.

Prior to *Kirt*, *supra*, Louisiana courts interpreted La. R.S. 40:1231.8(A)(1)(e) such that if a claimant failed to pay the filing fee with the PCF as to any defendant, the entire request for review was invalid and without effect as to all defendants.

The three defendants in *Kirt*, *supra*, were initially named in a request for the formation of an MRP made on September 23, 2011. On October 4, 2011, the PCF notified the Kirts that the three providers were qualified and that a filing fee of $100 per defendant was due within 45 days. On October 17, 2011, the Kirts sent correspondence to the PCF seeking the addition of two other defendants, a named nurse and an unidentified nurse, and included

6

a check for $500 for filing fees. On October 31, 2011, the PCF wrote to the Kirts that their request was being returned because the full name of the unidentified nurse was not provided, but did acknowledge the $500 filing fee payment. On November 17, 2011, the Kirts sent correspondence to the PCF stating that the name of that nurse remained unknown. They also requested that the anesthesia provider who employed the unidentified nurse be added as a defendant. On December 2, 2011, the PCF acknowledged receipt of the November 17 letter, confirmed the anesthesia provider was qualified, and noted that verification of the identified nurse as a qualified provider was ongoing.

On March 9, 2012, the Kirts wrote to the PCF that they had learned that Martin was the name of the unidentified nurse. On March 21, 2012, the PCF confirmed that both nurses were qualified providers and requested an additional payment of $100 for the filing fee within 45 days. On May 17, 2012, the PCF wrote to the Kirts that because the $100 fee had not been received, the request was invalid and without effect as to Martin. A petition for damages was ultimately filed in the district court. After the three initial defendants were dismissed by summary judgment, exceptions of prescription were filed by the three remaining defendants, including Martin.

The Louisiana Supreme Court analyzed La. R.S. 40:1231.8(A)(1)(c), (e), and (g) and found that failing to pay a filing fee invalidated the request for MRP **only as to the defendant for whom the fee was not paid**. The court stated that "the claimant either timely pays the filing fee and preserves the claim against that defendant; or the claimant fails to timely pay the filing fee, rendering the request for review of a malpractice claim *against that*

*defendant* invalid and without effect." (Emphasis in original). Thus, the court held that the claim against Martin was invalid and without effect and the claims against her were prescribed. As to the remaining two defendants who were added more than a year after the alleged malpractice occurred, the court reversed and remanded the matter to the trial court to determine whether the claims against them had prescribed.

In *Ferguson*, *supra*, the plaintiffs requested a medical review panel and named three defendants, all within the one-year prescriptive period. The plaintiffs timely paid the filing fee for the three defendants. Approximately a month later, plaintiffs added another defendant but failed to timely pay the filing fee as to that defendant. The PCF notified the plaintiffs that their request for an MRP was invalid as to all defendants for the failure to pay the fee. Plaintiffs attempted to file for another MRP with the original three defendants, who filed an exception of prescription.

On remand, this Court held that, in light of *Kirt*, *supra*, the plaintiffs' claims against the original three defendants, for whom the filing fee was timely paid, were *not* prescribed. This Court noted that the only claim that was prescribed was the one against the final defendant for whom no fee had been timely paid. Plaintiffs argue that the trial court incorrectly relied on dicta in *Ferguson*, *supra*, in its holding on this matter. We find that *Ferguson*, *supra*, is factually similar to the case at hand and an appropriate precedent for this matter. As such, plaintiffs' assignment of error on this issue is without merit.

While decisions from other circuit courts are not binding on this Court, they are helpful to our analysis. In *In re Medical Review Panel for*

*Crane*, 20-259 (La. App. 5 Cir. 4/22/21), 347 So. 3d 979, *writ denied*, 21-00707 (La. 9/27/21), 324 So. 3d 95, the claimant learned of the potential medical malpractice on July 10, 2017, and filed a request for MRP on July 6, 2018, against four medical providers. On September 23, 2018, the PCF informed the claimant that she had not timely paid the filing fees and her claim was considered invalid and without effect. On October 17, 2018, the claimant filed another request for MRP, naming three of the four original medical providers. She argued that the fourth provider was not a qualified provider and as such, she had 90 days to institute an action against him *and any joint and solidary obligors*, including the three original providers. She argued that her claims against the original three providers were not prescribed and her right to bring an action was maintained.

The Fifth Circuit found that the filing of the request for review and the payment of the filing fee are inexorably joined and a request for review is not considered to be filed until the claimant pays the filing fee. Relying on *Kirt*, *supra*, the court further held that "once a request for review as to a defendant is deemed invalid and without effect due to the plaintiff's failure to timely pay the filing fee as to that defendant, claims against that defendant cannot be revived by relying upon the 'joint and solidary obligor' provision of La. R.S. 40:1231.8(A)(2)(a)." *Crane*, *supra*.

In *Parker v. Univ. Med. Ctr.-New Orleans*, 22-0608 (La. App. 4 Cir. 1/23/23), __ So. 3d __, 2023 WL 355184, the claimant filed a timely request for an MRP, naming one defendant and timely paying the filing fee. On April 29, 2021, claimant filed an amended request, seeking to add several new defendants. On September 23, 2021, the PCF issued correspondence

9

indicating that the defendants were qualified healthcare providers and requiring the appropriate filing fee be paid within 45 days. Claimant paid the filing fee nine days late, and the PCF responded that because the fee was late, claims against the defendants were deemed invalid and without effect. On January 5, 2022, claimant submitted the same complaint as the April 29, 2021 amended complaint and called it a second amended request for MRP. One of the defendants filed an exception of prescription, and the trial court denied the exception, finding that the joint and solidary obligations provisions of the statute interrupted prescription.

The Fourth Circuit reversed the trial court, stating that it found the filing of the request for review and the payment of the filing fee to be inexorably joined, citing *Crane*, *supra*. The court found that the failure to pay the timely filing fee to the PCF for its claim om April 29, 2021 rendered the claim invalid and without effect. The January 5, 2022 amended claim, for which a timely fee was paid, was prescribed on its face and could not be revived by relying on the claim made against the original defendant to interrupt prescription under La. R.S. 40:1231.8(A)(2)(a).

In the present matter, plaintiffs argue that the timely filing of their initial request for review naming NLMC as a defendant is sufficient to suspend prescription to all joint and solidary obligors, including Dr. Smith, pursuant to La. R.S. 1231.8(A)(2)(a). We find this argument unpersuasive. La. R.S. 1231.8(A)(2)(a) must be read in conjunction with the rest of the statute, including La. R.S. 40:1231.8(A)(1)(c) and (e). La. R.S. 40:1231.8(A)(1)(e) clearly provides:

> Failure to comply with the provisions of Subparagraph (c) or
> (d) of this Paragraph within the specified forty-five day time

> frame in Subparagraph (c) of this Paragraph shall render the request for review of a malpractice claim invalid and without effect. ***Such an invalid request for review of a malpractice claim shall not suspend time within which suit must be instituted in Subparagraph (2)(a) of this Subsection***.

(Emphasis added). We find the reasoning of the *Crane* and *Parker* courts to be persuasive. The filing of a request for review and the payment of the filing fee are inexorably joined. The filing of a request for review without the timely payment of the fee renders the request invalid and ineffective. As such, the plaintiffs' January 20, 2020 amended and supplemental claim that added Dr. Smith as a defendant is invalid and without effect. It did not act to suspend the running of prescription, nor did the nonpayment of the applicable fees related to Dr. Smith act in any way to invalidate the timely asserted and fully paid claim against NLMC.

There is a dispute between the parties on when the plaintiffs had actual or constructive knowledge of any alleged malpractice by Dr. Smith. However, the latest possible date for their actual or constructive knowledge of the alleged malpractice, which begins the running of prescription, is July 30, 2019. Thus, plaintiffs' amended request for review dated October 21, 2020, which added Dr. Smith as a defendant and is more than a year after the latest possible date of actual or constructive knowledge of alleged malpractice, is prescribed on its face. The Louisiana Supreme Court's holding in *Kirt*, *supra*, makes clear that La. R.S. 1231.8(A)(2)(a) cannot revive a prescribed claim against a defendant. Accordingly, plaintiffs' prescribed claim against Dr. Smith cannot be revived by the timely claim made against NLMC. We find plaintiffs' assignments of error to be without merit.

11

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

Costs of this appeal as assessed to appellants, Danetta Cooper Hayes and

Shimiski Cooper.

**AFFIRMED.**